## Case No. 11,031.

### PETERS v. MARTENS.

[2 Wkly Notes Cas. 603.]

District Court, E. D. Pennsylvania. July 16, 1875.

SEAMEN—EXCESSIVE PUNISHMENT—INSUBORDINATION BY STEWARD.

1. Excessive punishment of a seaman by a master not excused because erroneously authorized by consul.

2. Insubordination by a steward, an educated man, is a greater offence than by an ordinary mariner.

This was the complaint of Captain Henry Peters, of the ship Limerick Lass, an American vessel, against J. G. Martens, steward of said vessel, setting forth charges of insubordination against the latter. The defendant was brought to this port in irons, from Bremerhaven, under consular orders. The testimony on the part of the captain showed that the steward was drunk several times, had used offensive language, and had struck the captain. In the testimony of the steward, it was admitted that he was drunk once, that he had asked permission to go to Hamberg while in Bremerhaven, that the captain granted him permission, but warned him that he would consider him a deserter if he went, and that he chose to remain aboard. The consul at Bremerhaven ordered the steward to be brought to the United States for trial. He was in irons during the voyage home, which lasted 45 days.

Criminal proceedings were begun, and the defendant was bound over by a United States commissioner for trial. Immediately thereafter the United States district attorney, under the act of congress of June 11, 1864,—Rev. St. p. 830, § 4300 [13 Stat. 124],—investigated the case, and, being of opinion that it should be summarily tried, reported the same to Cadwalader, J. When the case was called for trial a complaint was filed by the United States district attorney, to which the defendant pleaded not guilty.

It was then agreed, by counsel on both sides, that the case should be heard on the testimony taken before the commissioners with the same effect as if a libel and answer had been filed in personam in admiralty for personal damages. It was also agreed to refer all questions of wages to the court. Either party to be at liberty to file such libel in rem or in personam as may be necessary to give retrospective effect to said judge's opinion as a decree.

Mr. Coulston, for complainant, argued that the master had acted under the instructions of the counsel in all that he did, and that under the act of 1872,—Rev. St. p. 892, § 4600 [17 Stat. 274],[1]—enlarged and extensive powers were given to consuls.

[1] The section authorizes consular officers to reclaim deserters and discountenance insubordination by every means within their power, and in all cases of apprehension of deserters to inquire into the facts.

Mr. Neal, contra, replied on the testimony presented.

THE COURT (CADWALADER, District Judge) said that no citizen of this or any other country, of the intelligence required to command a vessel, could be excused for the ignorance implied in the defence of the master of this vessel, supposing him to have acquiesced in the flagrant error of the consul. The whole offence here was the occasional insubordination of the steward, while more or less intoxicated, at a time when the vessel was in port. No crime has been shown that in any manner imperilled the discipline of the ship. The master could have lawfully put him in irons for a day or two. But that a consul should confine a man for two months in irons for such an offence is too gross a violation of natural right to be excusable on the supposed authority of a consul or master. If the injured party were of the grade of mariners of the lower and uneducated class, I should give larger damages; but the steward is an educated man, and, therefore, I think his want of subordination exceeds what would be palliated from the ignorance of a man less educated.

Decree for libellant for the full amount of wages due him, to wit, $153.68, and $120 damages, with costs.